UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEONTAE JAREE GORDON,

        Plaintiff,                Case No. 1:17-cv-171

v.                                           Honorable Janet T. Neff

RICK SNYDER,

        Defendant.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim.

**Factual Allegations**

Plaintiff Deontae Gordon is presently incarcerated at the Ionia Correctional Facility in Ionia, Michigan. Plaintiff is serving a sentence of 33 to 100 years for second-degree murder, MICH. COMP. LAWS § 750.317, consecutive to a sentence of 2 years for felony firearm, MICH. COMP. LAWS § 750.227b(1), following a January 19, 2000 jury conviction for those crimes in Kent County Circuit Court. Plaintiff was sentenced as a habitual offender-second offense, MICH. COMP. LAWS § 769.10. Plaintiff was sixteen years old when he committed the crime. He has spent more than half of his life in prison.

On June 25, 2012, the Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012). The Court held that mandatory life imprisonment without parole, for those under the age of 18 at the time of their crimes, violates the Eighth Amendment's prohibition on cruel and unusual punishments. At the time the Supreme Court issued the *Miller* decision, the case of *Hill v. Snyder*, No. 10-14568 (E.D. Mich.) was pending in the United States District Court for the Eastern District of Michigan. In *Hill*, the plaintiffs asked the Court to declare MICH. COMP. LAWS § 791.234(6)(a), which prohibits the Michigan Parole Board from considering for parole prisoners sentenced to life in prison for first degree murder, unconstitutional as applied to prisoners who committed first-degree murder when they were under the age of eighteen years. *Hill v. Snyder*, No. 10-14568, 2013 WL 364198 (E.D. Mich. Jan. 30, 2013) *vacated and remanded* 821 F.3d 763 (6th Cir. 2016).

In an opinion issued on January 30, 2013, the *Hill* district court declared the statute unconstitutional as applied to the plaintiffs and directed the parties to provide supplemental briefing regarding the appropriate form of equitable relief. *Hill v. Snyder*, 821 F.3d 763, 767 (6th Cir. 2016).

In an order issued August 12, 2013, the *Hill* district court clarified that its January 30 determination applied to "'every person convicted of first-degree murder in the State of Michigan as a juvenile . . . who was sentenced to life in prison[.]'" *Id.* Despite those orders, the State of Michigan took no action to remedy application of the "unconstitutional" statute by considering the affected group for parole. On November 26, 2013, the *Hill* district court ordered the State of Michigan to create an administrative structure to consider the affected group for parole by the end of January, 2014, or the court would appoint a Special Master to do so. *Id.*; *Hill v. Snyder*, No. 10-14568 (E.D. Mich. Nov. 26, 2013).

By order entered December 23, 2013, the Sixth Circuit Court of Appeals stayed the district court's order. *Hill v. Snyder*, No. 13-2661 (6th Cir. Dec. 23, 2013). In the interim, however, the Michigan legislature worked diligently to create a process to apply *Miller* to Michigan prisoners. In 2014, the legislature passed Public Act No. 22 (herein "the *Miller* Procedures Act"), a solution directed to resentencing each prisoner rather than changing parole procedures. The Sixth Circuit has described the content of the *Miller* Procedures Act as follows:

> [T]he legislature created two new statutory provisions regarding juvenile offender sentencing: sections 25 and 25a of chapter IX of the Michigan code of criminal procedure. *See* MICH. COMP. LAWS §§ 769.25, 769.25a. Section 25 applies to juvenile offenders who committed certain enumerated offenses—including first-degree murder under section 316 of the penal code which, as explained, carries a mandatory life sentence—and who were convicted after *Miller* or whose cases were still pending or subject to appeal as of June 25, 2012, the date *Miller* was decided. Section 25 requires prosecutors to file motions if they intend to seek new sentences of life without parole for these juvenile offenders and provides for court hearings to determine whether or not such a sentence is appropriate under *Miller* in each individual's case. *See* MICH. COMP. LAWS § 769.25(6) ("If the prosecuting attorney files a motion under subsection (2), the court shall conduct a hearing on the motion as part of the sentencing process. At the hearing, the trial court shall consider the factors listed in *Miller v. Alabama* . . . and may consider any other criteria relevant to its decision, including the individual's record while incarcerated."). If, however, the prosecution does not file a motion within the designated time period,

- 3 -

"the court shall sentence the [juvenile offender] to a term of years . . . for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years." MICH. COMP. LAWS § 769.25(4), (9).

Section 25a, meanwhile, clarifies that "the procedures set forth in section 25 . . . do not apply to any case that is final for purposes of appeal on or before June 24, 2012"—i.e., any conviction that was final before *Miller*. MICH. COMP. LAWS § 769.25a(1). Instead, and as relevant here, section 25a states that:

> If the state supreme court or the United States supreme court finds that the decision of the United States supreme court in *Miller v. Alabama* . . . applies retroactively to all defendants who were under the age of 18 at the time of their crimes, and that decision is final for appellate purposes, the determination of whether a sentence of imprisonment for a violation set forth in section 25(2) of this chapter [including first-degree murder under section 316 of the penal code] shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section.

MICH. COMP. LAWS § 769.25a(2). Section 25a goes on to provide time frames for resentencing this category of juvenile offenders. Prosecuting attorneys would have "180 days after the date the supreme court's decision becomes final" to "file motions for resentencing in all cases in which the prosecuting attorney will be requesting the court to impose a sentence of imprisonment for life without the possibility of parole." MICH. COMP. LAWS § 769.25a(4)(b). If such a motion were filed, "[a] hearing on the motion shall be conducted as provided in section 25[.]" *Id.* In the absence of such a motion, however, section 25a provides that "the court shall sentence the [juvenile offender] to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." MICH. COMP. LAWS § 769.25a(4)(c).

*Hill v. Snyder*, 821 F.3d 763, 768-769 (6th Cir. 2016).[1]

In January of 2016, in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Supreme Court concluded that "*Miller* announced a substantive rule of constitutional law." *Montgomery*, 136 S. Ct. at 734. Accordingly, the Supreme Court determined, *Miller* should be applied retroactively

---

[1]The Michigan courts have not yet resolved the issue of whether judge or jury must decide the relevant facts at the *Miller* hearing. *Compare People v. Hyatt*, __ N.W.2d __, 2016 WL 3941269 (Mich. Ct. App. Jul. 21 2016) *lv. app. pending* 889 N.W.2d 487 (Mich. 2017); *People v. Skinner*, 877 N.W.2d 482 (Mich. Ct. App. 2015) *lv. app. granted* 889 N.W.2d 487 (Mich. 2017).

to cases on collateral review because "[a] conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void . . . [; t]here is no grandfather clause that permits States to enforce punishments the Constitution forbids." *Montgomery*, 136 S.Ct. at 731.

Between *Miller*, the *Miller* Procedures Act, and *Montgomery*, every Michigan prisoner serving a mandatory life sentence without the possibility of parole who committed the offense as a juvenile could be receiving a new and possibly different sentence. The sentence could still be life without parole (*Miller* did not ban such sentences for juveniles, only the legislative mandate) or it might be a term of years with a minimum of 25 to 40 years and a maximum of 60 years, for those who are resentenced because *Miller* applies retroactively, or at least 60 years, for those who enjoy the benefit of *Miller* prospectively. MICH. COMP. LAWS §§ 769.25, 769.25a.

Plaintiff was not convicted of an offense that carried a mandatory sentence of life imprisonment without the possibility of parole. Thus, the holdings of *Miller* and *Montgomery* do not provide any basis for collateral relief from his sentence. *See, e.g., In re Harrell*, No. 16-1048, 2016 WL 4708184 (6th Cir. Sept. 8, 2016) (holding that *Miller* and *Montgomery* apply only to mandatory sentences of life without parole, not to sentences that are not mandatory or are not life without parole, even if the sentence is the functional equivalent of life without parole); *Starks v. Easterling*, 659 F. App'x 277, 280 (6th Cir. 2016) ("[T]he Supreme Court has not yet explicitly held that the Eighth Amendment extends to juvenile sentences that are the functional equivalent of life . . . ."). Nonetheless, Plaintiff is suing Michigan Governor Rick Snyder seeking two declaratory rulings from this Court: (1) a declaration that the *Miller* Procedures Act violates Plaintiff's right to equal protection of the law under the Fourteenth Amendment because it benefits only juveniles who

committed first-degree murder and excludes juveniles who committed second-degree murder without a rational basis; and (2) a declaration that Plaintiff's sentence violates his right to be free from cruel and unusual punishment under the Eighth Amendment because it is grossly disproportionate.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff claims Defendant Snyder has violated the Fourteenth Amendment's Equal Protection Clause and the Eighth Amendment's prohibition against cruel and unusual punishment.

A. *Heck v. Humphrey*

The Supreme Court has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive

> him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Plaintiff recognizes the *Heck* bar. He states "he **IS NOT** challenging the length of his incarceration, as such challenge would not be actionable under 42 U.S.C. § 1983." (Compl., ECF No. 1, PageID.8-9) (emphasis in original). Instead, he claims he "is merely challenging the 'constitutionality of MCL 769.25' as it discriminates against him without any rational basis," (*Id.*, PageID.9), and that his sentence is "grossly disproportionate" and, thus, "cruel and unusual," (*Id.*, PageID.11).

Plaintiff's claims leave him with insufficient room to maneuver around the *Heck* bar. He must attempt to squeeze between the declarations that he seeks (that the *Miller* Procedures Act is unconstitutionally exclusive or that his sentence is cruel and unusual) and the finding that he is attempting to avoid lest he run afoul of the *Heck* bar (that the declarations will affect his sentence).

A declaration that his sentence violates the Eighth Amendment "would necessarily imply the invalidity of his . . . sentence." *Heck*, 512 U.S. at 486. A declaration that Plaintiff cannot be constitutionally excluded from the *Miller* Procedures Act resentencing process will also inevitably result in a new sentence. As the Supreme Court noted in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), "[*Preiser*, *Wolff*, *Edward*, and *Heck*], taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

If the Court were to declare Plaintiff's sentence to be cruel and unusual or that he must be included in the resentencing process, it would invalidate his confinement, even if Plaintiff were to stay incarcerated pending resentencing. "[A] case challenging a sentence seeks a prisoner's "release" in the only pertinent sense: It seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement; the fact that the State may seek a *new* judgment (through a new trial or a new sentencing proceeding) is beside the point." *Wilkinson*, 544 U.S. at 83.

Although the *Hill* district court initially disregarded the *Heck* bar, the Sixth Circuit recognized that *Heck* would likely bar relief. *Hill v. Snyder*, No. 13-2661 (6th Cir. Dec. 23, 2013). After the second remand, when the claims of unconstitutionality were amended such that they were directed at the *Miller* Procedures Act instead of the Michigan parole statute, the *Hill* district court could no longer ignore the *Heck* bar. By order entered February 7, 2017, the court dismissed the *Hill* plaintiffs' constitutional challenge to the *Miller* Procedures Act because of the *Heck* bar. *Hill v. Snyder*, No. 10-14568 at 9-10 (E.D. Mich. Feb. 7, 2017).[2] The reasoning of the *Hill* district court is persuasive. *Heck* bars Plaintiff's claims.

     B.  Equal Protection Clause

Even if *Heck* did not bar Plaintiff's Fourteenth Amendment challenge, it would be properly dismissed because Plaintiff has failed to state an equal protection claim. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Where neither a fundamental

---

[2]The *Hill* plaintiffs filed their notice of appeal on March 9, 2017.

right nor a suspect class is at issue, the claim is properly reviewed under the rational basis standard. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006).

Plaintiff alleges that he is part of a class of individuals: second-degree murder children. (Compl., ECF No. 1, PageID.9.) That class is not a suspect class. Plaintiff acknowledges as much when he avers that the *Miller* Procedures Act should be declared unconstitutional under the rational basis standard. (*Id.*)

"Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Club Italia,* 470 F.3d at 298 (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In *Michael v. Ghee*, 498 F.3d 372 (6th Cir. 2007), the Sixth Circuit elaborated on the heavy burden Plaintiff must carry:

> The plaintiffs bear the burden of demonstrating that the government lacks a rational basis, and they may satisfy this burden either by negating "'every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.'" [*Club Italia,* 470 F.3d at 298] (quoting *Warren,* 411 F.3d at 711). The State, conversely, bears no burden of proof; its legislative choice is presumptively valid and "'may be based on rational speculation unsupported by evidence or empirical data.'" *Id.* (quoting *Trihealth, Inc. v. Bd. of Comm'rs,* 430 F.3d 783, 790 (6th Cir. 2005)).

*Michael*, 498 F.3d at 379.

Plaintiff must allege and show that there is no rational basis for treating "first-degree murder children" differently from "second-degree murder children." A rational basis for different

treatment is apparent when simply naming the two groups: the former group has committed a more severe crime than the latter group. But there is a much more compelling reason for the different treatment. The sentence of each member of the first group, <u>mandatory</u> life without parole, was rendered void as cruel and unusual by *Miller*. The remedy prescribed by the *Miller* Court was "[a] hearing where 'youth and its attendant characteristics' are considered as sentencing factors . . . ." *Montgomery*, 136 S.Ct. at 735 (citing *Miller*, 132 S. Ct. at 2471). *Miller* did not affect the sentences of second-degree murder children and it did not require that second-degree murder children be resentenced. Where the legislature enacted the *Miller* Procedures Act for the express purpose of applying *Miller*,[3] it is rational to differentiate between those prisoners affected by *Miller* and those who are not. Plaintiff has failed to state a claim for violation of the Equal Protection Clause.

        C.      <u>Cruel and Unusual Punishment</u>

Plaintiff claims his sentence violates the Eighth Amendment because it is grossly out of proportion to his crime. (Compl., ECF No. 1, PageID11-16.) Plaintiff encourages the Court to assess proportionality by "comparing the gravity of the offense and the severity of the sentence[,] . . . compar[ing] the defendant's sentence with the sentences received by other offenders in the same jurisdiction[,] and [comparing defendant's sentence] with the . . . sentences imposed for the same crime in other jurisdictions."[4] (*Id.*, PageID.11.)

---

[3] "The *Miller v Alabama* U.S. Supreme Court decision concluded that such a [mandatory life without parole] sentence for juvenile offenders, while allowable, cannot be mandated under all circumstances without individualized consideration, which meant the status quo in Michigan was no longer constitutional." Juveniles: Life Without Parole, S.B. 319 & H.B. 4808 Summary As Enacted, Senate Fiscal Agency Bill Analysis at p. 5 (Mich. 2013), http://www.legislature.mi.gov/documents/2013-2014/billanalysis/Senate/pdf/2013-SFA-0319-N.pdf.

[4] The proportionality analysis urged by Plaintiff (the three comparisons quoted above) was set forth in *Pulley v. Harris*, 465 U.S. 37, 42-43 (1984) ("Traditionally, 'proportionality' has been used with reference to an abstract evaluation of the appropriateness of a sentence for a particular crime. Looking to the gravity of the offense and the severity of the penalty, to sentences imposed for other crimes, and to sentencing practices in other jurisdictions, this Court has occasionally struck down punishments as inherently disproportionate, and therefore cruel and unusual, when

The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)).

A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)); *see also Rummel v. Estelle*, 445 U.S. 263, 274 (1980) ("[T]he length of the sentence actually imposed is purely a matter of legislative prerogative.")  Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).[5]  That prohibition is not

---

imposed for a particular crime or category of crime.")

[5]Although *Thomas* is more than 20 years old, the principle it announces finds support in subsequent Supreme Court authority.  Since *Thomas*, the Supreme Court has only engaged in proportionality analysis in the context of sentences of death and life without parole. *See, e.g., Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (mandatory life without parole for juvenile homicide offenders); *Hall v. Florida*, 134 S. Ct. 1986 (2014) (death penalty for the intellectually disabled); *Kennedy v. Louisiana*, 554 U.S. 407 (2008) (death penalty); *Roper v. Simmons*, 543 U.S. 551 (2005) (death penalty for juvenile offenders); *Atkins v. Virginia*, 536 U.S. 304 (2002) (death penalty for mentally-retarded criminals).

absolute.[6]  Nonetheless, there is no authority for the proposition that a sentence of less than life imprisonment is disproportional to a crime of homicide.

Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law.  Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.  His claim is properly dismissed.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as barred by the doctrine of *Heck*, 512 U.S. at 477, and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

---

[6]*See United States v. Jones*, 569 F.3d 569, 573 n.2 (6th Cir. 2009) ("Justice Kennedy's opinion in *Harmelin* recognized the possibility that proportionality review could apply to invalidate a sentence for a term of years, 501 U.S. at 997–98, 111 S.Ct. 2680 (Kennedy, J., concurring)."); *Rummel*, 445 U.S. at n.11 ("This is not to say that a proportionality principle would not come into play in the extreme example mentioned by the dissent, *post*, at 1146, if a legislature made overtime parking a felony punishable by life imprisonment."); *Graham v. Florida*, 560 U.S. 48, 60 (2010) (Court identified two types of Eighth Amendment proportionality challenges.  It resolved the challenge in that case as categorical, but with regard to the other type of challenge stated: "The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime.  A court must begin by comparing the gravity of the offense and the severity of the sentence.").

A Judgment consistent with this Opinion will be entered.


Dated:  March 17, 2017            /s/ Janet T. Neff
                                                                                   Janet T. Neff
                                                                                   United States District Court